# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 69 | **DATE** | 4/20/2000 |
| **CASE TITLE** | Blackfield vs. The Glidden Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/11/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Docs 7-1 & 7-2) to strike and dismiss is granted in part and denied in part. The Court grants Defendant's motion to dismiss Count V and denies Defendant's motion to dismiss Counts IV and VI. The Court also grants Defendant's motion to strike Plaintiff's demand for a jury with respect to the remaining ERISA Counts IV and VI. Defendant is given to May 4, 2000 to answer all pending counts of the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | APR 21 2000 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOY S. BLACKFIELD,          )
                            )
            Plaintiff,      )
                            )
    vs.                     )
                            )         00 C 0069
THE GLIDDEN COMPANY, a      )
Delaware corporation, THE GLIDDEN )
COMPANY, doing buisness as  )
ICI PAINTS,                 )
                            )
            Defendant.      )



## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant's motion to dismiss Counts IV, V, and VI of Plaintiff's complaint and to strike Plaintiff's jury demand for those counts. For the reasons set forth below, the Court grants in part and denies in part Defendant's motions.

## BACKGROUND

Plaintiff Roy S. Blackfield ("Blackfield") brings a six-count complaint against the Glidden Company, doing business as ICI Paints ("ICI"), based on his alleged discriminatory discharge in violation of the Americans with Disabilities Act and in

violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). In this motion, ICI moves to dismiss Counts IV, V, and VI of Blackfield's complaint, which allege violations of ERISA and to strike Blackfield's jury demand for these counts. For the purposes of this motion, the Court is obligated to assume the truth of the facts alleged in Blackfield's complaint.

ICI employed Blackfield from March 1988 until the date of his termination on October 20, 1997. Between August 1997 and October 1997, Blackfield suffered mental handicaps, depression and anxiety, and cognitive deficit disorder related to a job injury. Blackfield spoke to his supervisors regarding his disability, and in August 1997, he requested a reasonable accommodation for his disability, which was later denied. ICI then terminated Blackfield on October 20, 1997. Blackfield was a participant in ICI's Retirement Program and Retirement Savings & Investment Plan, the terms of which are set forth in ICI's Employee Benefits Handbook (the "Benefits Handbook"). However, upon and since his termination, ICI did not pay Blackfield any compensation.

As a result, Blackfield filed this complaint against ICI. At issue in this motion are Counts IV, V, and VI. Count IV alleges that ICI terminated Blackfield in violation of ERISA in order to avoid paying him the retirement benefits provided by

the Benefits Handbook. Blackfield labels Count V "Breach of Contract," and alleges that ICI failed to provide Blackfield with a severance package. Blackfield claims that ICI paid other employees a severance package, which provided for two weeks of pay for every year of service and vacation pay. Count V thus requests payment of a "severance package in excess of $19,000 plus costs" along with reasonable attorneys fees. Finally, Count VI alleges that ICI failed to pay Blackfield his severance pay in accordance with the terms of the Benefits Handbook. Count VI requests the same relief as Count V–payment of a "severance package in excess of $19,000 plus costs" along with reasonable attorneys fees. Defendant ICI moves to dismiss Count V as duplicative of Count VI. Further, ICI moves to dismiss Counts IV and VI because they fail to state a specific claim under ERISA. In addition, Defendant moves to strike Blackfield's jury demand for his ERISA claims. However, Blackfield has conceded that ERISA does not entitle him to a jury trial. Thus, the Court strikes Blackfield's demand for a jury with respect to his ERISA claims.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must

meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), cert. denied, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleading as exhibits are considered part of the pleadings for all purposes. See Fed. R. Civ. P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss

are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the Court evaluates Defendant's motion.

## DISCUSSION

Defendant ICI claims that Count V and Count VI are duplicative. The Court agrees.

Although Count V is labeled a "Breach of Contract" claim, it essentially alleges the same ERISA violation set forth in Count VI. Both Count V and VI allege that ICI failed to pay Blackfield a severance package and request the same relief—that ICI pay Blackfield a severance package in excess of $19,000 plus costs along with reasonable attorneys fees. The only difference between the counts is that in Count V Blackfield neglects to allege that the Benefits Handbook provides the basis for his severance package while in Count VI Blackfield does allege that the Benefits Handbook provides for the severance package. However, it is clear that Blackfield's claims in Count V and VI are for the same severance package allegedly provided for by the Benefits Handbook. As such, Count V and VI are duplicative.

Moreover, the Count V breach of contract claim is preempted by ERISA. The Seventh Circuit has held that if a common law contract claim "relates to" a benefits plan contract, the court may treat the count as one seeking relief under ERISA. See Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1075 (7th Cir. 1992). Courts have given "relates to" an expansive meaning. See id. at 1077. Blackfield's claim that ICI failed to pay him the severance package promised him by the Benefits Handbook, clearly "relates to" the benefits plan. Cf. Id. (suits based on plaintiff receiving fewer benefits than promised under the benefits plan "relate to" the plan). Because Count VI already states the ERISA version of Blackfield's Count V claim, the Court dismisses Blackfield's duplicative Count V breach of contract claim in favor of his Count VI ERISA claim for severance pay.

Defendant ICI also claims that Blackfield's Count IV and VI ERISA claims fail to state a claim because they do not specify under which remedial provision of ERISA Blackfield is seeking relief. However, Blackfield need not specify the legal theory or the appropriate statute under which he seeks relief. See Bartholet, 953 F.2d at 1078; Mount v. LaSalle Bank Lake View, 926 F. Supp. 759, 763 (N.D. Ill. 1996). All Blackfield must do in his complaint is set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a); <u>Bartholet</u>, 953 F.2d at 1078 (instead of asking whether complaint point to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations). Blackfield fulfills the requirements of Rule 8(a) in both Counts IV and VI. In Count IV, Blackfield notifies ICI that he is claiming that ICI terminated him in order to avoid paying him retirement benefits provided for by the Benefits Handbook. In Count VI, Blackfield notifies ICI that he is alleging that ICI failed to pay him his severance package as promised by the Benefits Handbook. Further, both these counts clearly request monetary relief in the form of benefit payments as set forth by the Benefits Handbook in addition to attorneys fees. As such, Blackfield has fulfilled the requirements of Rule 8(a). The complaint is only meant to give a defendant notice of the plaintiff's claims, while further documents accomplish the rest. <u>See</u> <u>Bartholet</u>, 953 F.2d at 1078. Thus, the Court denies Defendant's motion to dismiss Count IV and VI of Plaintiff's complaint.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion to dismiss Count V and denies Defendant's motion to dismiss Counts IV and VI. The

Court also grants Defendant's motion to strike Plaintiff's demand for a jury with respect to the remaining ERISA Counts IV and VI.

Charles P. Kocoras
United States District Court Judge

Dated: April 20, 2000